## ROGERS et al. v. VIRGINIA–CAROLINA CHEMICAL CO.

(Circuit Court of Appeals, Third Circuit. May 18, 1912.)

No. 38 (1,566).

CORPORATIONS (§ 432*)—ACTION FOR DECEIT—PROOF OF AGENCY.

To entitle plaintiffs to recover in an action against a corporation for fraud and deceit in inducing plaintiffs to enter into a contract alleged to have been made for defendant's benefit, but which on its face was one between plaintiffs and an individual, who is alleged to have made the false representations, it must be proved that such person was the authorized agent of defendant in making the contract, and that defendant then intended to cheat and defraud plaintiffs.

· [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. § 432.*]

In Error to the Circuit Court of the United States for the District of New Jersey.

Action at law by George H. Rogers and John G. Gray against the Virginia-Carolina Chemical Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

· See, also, 149 Fed. 1, 78 C. C. A. 615.

Horace L. Cheyney, of New York City, and John F. Lewis, of Philadelphia, Pa., for plaintiffs in error.

Frederic J. Faulks, of Newark, N. J., and James T. Kilbreth, of New York City, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and BRADFORD, District Judge.

PER CURIAM. Under the pleadings in this case there can be no recovery by Rogers and Gray against the Virginia-Carolina Chemical Company in the absence of proof that the contract of July 30, 1901, which on its face was one between the plaintiffs as parties of the first part and Charles F. Bryan individually as party of the second part, was executed by Bryan as agent and by authority of the Chemical Company and with an intent on its part at the time to use it as an instrument, not for the bona fide acquisition of properties to which the plaintiffs' options attached, as manifestly contemplated and intended by them, but for the wrongful and fraudulent benefiting of itself through depriving them of their rights under their options by omitting to purchase such properties until after the options thereon should expire. But the record discloses no competent and substantial evidence, direct or indirect, establishing or tending to establish such agency on Bryan's part or such wrongful intent at the time on the part of the Chemical Company. The alleged agency cannot be shown as against the company by proof of Bryan's statements or other hearsay. There is enough to give rise to suspicion and surmise, but not enough to justify the finding or sustaining of a verdict for the plaintiffs. Nor is there any evidence of usage or other kind to justify an inference that Morgan, who was the president of the Chemical Com-

pany, was authorized or empowered by it to procure or superintend the execution of the contract of July 30, 1901, between the plaintiffs and Bryan. The conclusion reached is not affected or disturbed by the exclusion of any proper evidence or the admission of any improper evidence assigned as error. That the contract was extremely improvident so far as the plaintiffs were concerned and full of peril to them has heretofore been held by this court (149 Fed. 1, 78 C. C. A. 615), and the record discloses much evidence strongly tending to show that the plaintiffs have been grossly wronged and defrauded through the instrumentality of that contract. But we are satisfied the suit has not been brought against the proper parties and that the court below was justified in directing a verdict for the defendant. The judgment below is affirmed with costs.